IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RACHEL ALDRIDGE, as Surviving Mother of Brooklynn Aldridge, Deceased, and as Temporary Administrator of the Estate of Brooklynn Renee Aldridge, <br><br> Plaintiff, <br><br> -vs- <br><br> BEVERLY BEAUMIER, RAVEN GOLDEN, and CLINTON WAYNE HARPER, <br><br> Defendants. | CIVIL ACTION NO: <br> 5:21-cv-00015-LGW-BWC |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE
DEPARTMENT OF HUMAN SERVICES' MOTION FOR ENTRY
OF A PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA**

COMES NOW Plaintiff Rachel Aldridge and, hereby files this Response to the Department of Human Services' Motion for Entry of a Protective Order and Motion to Quash Subpoena (Doc. 89), showing the Court as follows:

### I. INTRODUCTION

This case stems from the murder of two-year-old Brooklynn Aldridge on March 6, 2018. This tragedy would not have occurred had it not been for the wrongful acts and omissions of the Division of Family and Children Services (DFCS) employees Beverly Beaumier and Raven Golden. Incredibly, DFCS is defending their inexcusable behavior and refusing to compensate Brooklynn's family for her wrongful death.

DFCS has conceded that the secondary caregiver approved to care for Brooklynn –

1

Amanda Coleman – should never have been allowed to care for her. (Doc. 76, DFCS Depo., p. 106:13-19). In direct violation of mandatory DFCS policies, a background check was never done on Amanda Coleman or Ron Lott. (See Doc. 76, pp. 26:22 - 27:1, p. 100:2-9. p. 132:1-10). The background check would have shown that Lott and Coleman had a criminal history, including pending felony charges for possession of methamphetamine. (See id. at pp. 56:13 - 57:12). Additionally, Lott and Coleman were never drug tested, even though this was required. (See Doc. 82, Beaumier Depo., pp. 34-35). In fact, Amanda Coleman was using methamphetamine while Brooklynn was in her care. Finally, it was required that Amanda Coleman's prior CPS history be checked, but this was not done. This check would have revealed that Ms. Coleman had a substantiated CPS history, which would have disqualified Lott and Coleman as a safety resource. (See Doc. 76-1, Policy 19.9, pp. 51-52, 53; Doc. 76, pp. 85:23 - 86:5, p. 129: 20-24).

     Gary Vowell is a member of the Board of Natural Resources and former interim Commissioner of the Georgia Department of Public Safety. Although I have used Mr. Vowell as a law enforcement expert and investigator before, he is not an employee of my firm. I was informed Mr. Vowell that Candice Broce, the interim Director of DFCS, has knowledge about the issues that DFCS was having at the time of the conduct complained of in this suit, issues which are relevant to this action. Comm. Broce also has knowledge of DFCS policies and procedures. Plaintiff has taken the depositions of several former and current DFCS employees, as well as the 30(b)(6) deposition of DFCS. These depositions reveal some disagreements over DFCS policies, and thus Plaintiff wishes to take the deposition of the Director of DFCS to clear up the confusion.

     Mr. Vowell has a good relationship with Comm. Broce, and thus, on October 7, 2021, I

requested that Mr. Vowell be permitted to speak with Comm. Broce about this case. (Doc. 89-2, p. 2). I sought this permission from Assistant Attorney General Ron Boyter because I knew there was a possibility that the Georgia Attorney General's Office would take the position that it represented Comm. Broce.

Mr. Boyter refused to give this permission, so I asked for a date to depose Comm. Broce. (See id. at 1-2). On October 11, 2021, I provided notice to Assistant Attorney General Ron Boyter that I would take the deposition of Candice Broce on October 27, 2021. (See Doc 89-3). On October 15, 2021, I amended the deposition notice to change the location of the deposition and issued a subpoena. (See Amend. Notice, attached as Exhibit A, and Subpoena, attached as Exhibit B). Comm. Broce was served with the subpoena to appear to testify at the deposition on October 18, 2021. (See Proof of Service, attached as Exhibit C).

## II. ARGUMENT AND CITATION TO AUTHORITY

The scope of discovery under Federal Rule of Civil Procedure 26(b) is broad: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Merial LLC v. Bayer Healthcare, LLC*, No. 1:11-cv-02888-JOF, 2012 U.S. Dist. LEXIS 192694, at *3-4 (N.D. Ga. Nov. 9, 2012) (quoting Fed. R. Civ. P. 26(b)(1)). The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1546-47 (11th Cir. 1985). Courts "must apply a liberal discovery standard," and therefore "discovery should ordinarily be allowed unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or on the subject matter of the action." *Wajcman v. Inv. Corp. of Palm Beach*, No. 07-80912-Civ-Hurley/ Hopkins, 2008 U.S. Dist. LEXIS 127900, at *4 (S.D. Fla. Apr. 28, 2008) (citation omitted).

Accordingly, "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2009 U.S. Dist. LEXIS 111149, at *1-2 (M.D. Ga. Dec. 1, 2009) (quoting *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)

DHS seeks a protective order to prohibit Plaintiff from taking the deposition of DHS Commissioner Candice Broce. (Doc. 89). Since it is the one seeking the protective order, DHS "has the burden to demonstrate good cause, and must make a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting the need for a protective order." *See Powers v. United States*, No. 1:17-CV-071 (LAG), 2019 U.S. Dist. LEXIS 195428, at *5 (M.D. Ga. Jan. 29, 2019) (quoting *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc*., 231 F.R.D. 426, 429-30 (M.D. Fla. 2005)). Aside from requiring good cause, "the district court must balance the interests of those requesting the order." *Degenhart v. Arthur State Bank*, No. CV411-041, 2011 U.S. Dist. LEXIS 92295, at *6 (S.D. Ga. Aug. 8, 2011).

DHS has not demonstrated good cause for preventing the deposition of Comm. Broce, and Plaintiff has a great interest in taking her deposition. Determining the proper interpretation of the DFCS policies applicable to Brooklynn's and Rachel's cases is extremely relevant and necessary, and, as the Director of DFCS, Comm. Broce has superior knowledge of such policies. Additionally, Plaintiff has attempted to obtain this information by other means, i.e., requests for production of documents, interrogatories, and depositions, but has received conflicting information about the DFCS policies. Accordingly, Plaintiff has exhausted alternative discovery methods without success.

Additionally, courts have refused to accept the assumption that a party/ deponent's role at the apex warrants the assumption that the deposition of said person would be unduly burdensome. *See, e.g., Elvis Presley Enterprises. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir.1991); *Serrano v. Cintas Corp.*, 699 F.3d 884, 902 (6th Cir. 2012). Further, although DHS claims Comm. Broce has no unique or superior knowledge, Comm. Broce has not filed a declaration stating her lack of knowledge. *See Degenhart*, No. CV411-041, 2011 U.S. Dist. LEXIS 92295, at *7 (citation omitted) ("A protective order precluding the deposition of a high-ranking executive officer will be granted where the officer possesses no unique knowledge regarding the underlying facts of the action and files a declaration stating his or her lack of knowledge.)

For the aforementioned reasons, Plaintiff requests that she be permitted to take the deposition of Candice Broce, and that DHS' Motion for a Protective Order and Motion to Quash be DENIED.

Respectfully submitted this 25th day of October, 2021.

**/s/ Brent J. Savage**
Brent J. Savage
Georgia Bar No. 627450
*Attorney for Plaintiff*

SAVAGE, TURNER, PINCKNEY & SAVAGE
P.O. Box 10600
Savannah, Georgia 31412
(912) 231-1140
bsavage@savagelawfirm.net
lhatcher@savagelawfirm.net

**CERTIFICATE OF SERVICE**

      This is to certify that I have this day served a true and correct copy of the above and foregoing Response by using the CM/ECF system, which will send an electronic copy to the following counsel of record:

| | |
|---|---|
| Paul Henefeld | Leslie Kennerly |
| Noah Green | J. Holder Smith |
| Appelbaum Henefeld & Green, P.C. | Young, Thagard, Hoffman, LLP |
| 9 Lenox Pointe, N.E., Suite B | P.O. Box 3007 |
| Atlanta, GA 30324 | Valdosta, GA 31604 |
| pah@aps-law.com | lesliekennerly@youngthagard.com |
| ng@aps-law.com | jaysmith@youngthagard.com |
| | |
| Laura Lones | Ron Boyter |
| Georgia Department of Law | Senior Assistant Attorney General |
| 40 Capitol Square, SW | Georgia Department of Law |
| Atlanta, GA 30334-1300 | 40 Capitol Square, SW |
| llones@law.ga.gov | Atlanta, GA 30334-1300 |
| | rboyter@law.ga.gov. |

This 25th day of Octoberr, 2021.

                                                 **/s/ Brent J. Savage**
                                                 Brent J. Savage
                                                 Georgia Bar No. 627450
                                                 *Attorney for Plaintiff*

SAVAGE, TURNER, PINCKNEY & SAVAGE
P.O. Box 10600
Savannah, Georgia 31412
(912) 231-1140
lhatcher@savagelawfirm.net
bsavage@savagelawfirm.net