IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RACHEL ALDRIDGE, | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-cv-15 |
| v. | |
| BEVERLY BEAUMIER; CLINTON WAYNE HARPER; and RAVEN GOLDEN, | |
| Defendants. | |

**O R D E R**

This matter is before the Court on non-party Movant Department of Human Services' ("DHS") Motion for Entry of a Protective Order and Motion to Quash. Doc. 89. Movant DHS seeks to prevent Plaintiff from deposing Commissioner Candice Broce. Id. Plaintiff filed a Response. Doc. 91. The Court held a telephonic status conference on this matter on October 25, 2021, and **GRANTED** DHS's Motion. Doc. 90. This Order memorializes the Court's oral ruling and provides additional explanation for that ruling.

Plaintiff served Commissioner Broce with a subpoena to depose her on October 11, 2021. Doc. 89-2. In response, Movant filed the instant Motion to prevent Plaintiff from deposing the Commissioner of DHS. Doc. 89 at 1. Movant argues Commissioner Broce has no personal knowledge or involvement in the case, as she began working for DHS three years after the events forming the basis of this suit took place. Id. Specifically, Movant contends Plaintiff should not be permitted to depose Commissioner Broce, as she lacks personal knowledge of the case and is a high ranking official based on her position as DHS Commissioner. Id. at 2–6. Additionally,

Movant provided an affidavit from Commissioner Broce in which she states she has no personal knowledge. Doc. 89-5.

Federal Rule of Civil Procedure 26(c) provides a party may file a motion for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense [.]" Fed. R. Civ. P. 26(c). The district court may issue a protective order if "good cause" is shown, and such an order "is not subjected to heightened scrutiny." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987); see also Fed. R. Civ. P. 26(c). When an apex deposition (i.e., the deposition of a high ranking employee or official) is challenged, the party seeking the deposition has the burden to demonstrate the deposition is necessary. Degenhart v. Arthur State Bank, No. CV411-041, 2011 WL 3651312, at *1 (S.D. Ga. Aug. 8, 2011).

> As the party seeking to compel the deposition of a high-ranking executive, [the deposing party] has the burden of showing that [the target's] deposition is necessary. A protective order precluding the deposition of a high-ranking executive officer will be granted where the officer possesses no unique knowledge regarding the underlying facts of the action and files a declaration stating his or her lack of knowledge.

Id. (internal quotations and citations omitted). Thus, Plaintiff must show Commissioner Broce has "unique or superior knowledge of discoverable information that cannot be obtained by other means." Id. (citing In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig., No. 4:08-MD-2004, 2009 WL 4730321, *1 (M.D. Ga. Dec. 1, 2009) (quotes and cite omitted)).[1]

---

[1] The apex deposition doctrine and related principles have been applied in the context of high-ranking officers of private companies as well as senior officials with government agencies, like Commissioner Broce. See e.g., In re United States, 985 F.2d 510, 512 (11th Cir. 1993) (preventing the deposition of the Food and Drug Administration Commissioner because no extraordinary circumstances or special need was made regarding the Commissioner's testimony); Plaintiff 1 v. Washington Cnty. Sch. Bd., Case No. 5:07cv194, 2008 WL 11462924, at *2–3 (N.D. Fla. Feb. 15, 2008) (explaining high-ranking government officials cannot be deposed unless the deposing party shows extraordinary circumstances or personal involvement).

2

Plaintiff argues she should be permitted to depose Commissioner Broce because Commissioner Broce has knowledge about the policies and procedures of the Division of Family and Children Services ("DFCS"), a department within DHS.  Doc. 91 at 2, 4.  However, Plaintiff also acknowledges she conducted several depositions of DFCS employees and a 30(b)(6) deposition of DFCS about the relevant policies and procedures.  Id. at 2, 4.  Plaintiff did not explain the need for the deposition other than to question Commissioner Broce generally about DFCS' policies.

Considering Commissioner Broce's position, that she did not work for DHS at the time the events took place, she has sworn under penalty of perjury she does not have unique knowledge of the case, and Plaintiff's previous depositions of other DFCS officials regarding the policies and procedures, deposing her is not appropriate absent a showing of special or unique knowledge about this case.  Plaintiff has failed to make this showing at this time.  Accordingly, the Court **GRANTED** Movant's Motion.  Plaintiff may not depose Commissioner Broce at this time.  If facts come to light demonstrating Commissioner Broce indeed has personal and unique knowledge regarding this case, Plaintiff may seek leave of Court to depose Commissioner Broce.

**SO ORDERED**, this 28th day of October, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA