UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| RACHEL ALDRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No: |
| v. | ) | 5:21-cv-00015-LGW-BWC |
| | ) | |
| BEVERLY BEAUMIER, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GOLDEN'S STATEMENT OF MATERIAL FACTS IN
SUPPORT OF HER DISPOSITIVE MOTION**

Defendant Raven Golden submits this statement of material facts in support

of her pending motion to dismiss (Doc. 39) which the Court has converted into a

motion for summary judgment (Doc. 65).

**The facts for purposes of this motion**[1]

The uncontroverted evidence, Plaintiff's version of the facts,[2] and the

controverted evidence viewed in the light most favorable to Plaintiff show that:

1.     During the times relevant hereto, Brooklynn Aldridge was never in the

custody of DFCS.  (Doc. 63-1).[3]

---

[1] Defendant Golden does not necessarily concede that all of these facts accurately describe what occurred, but she submits that these are the operative facts for purposes of summary judgment.  "[T]he 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case…."  *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013).

[2] *See Evans v. Stephens*, 407 F.3d 1272, 1278 (11th Cir. 2005) (*en banc*) ("when conflicts arise between the facts evidenced by the parties, we credit the nonmoving party's *version*.  Our duty to read the record in the nonmovant's favor stops short of not crediting the nonmovant's testimony in whole or part: the courts owe a nonmovant no duty to disbelieve his sworn testimony which he chooses to submit for use in the case to be decided") (emphasis in original).

2.     On January 14, 2018, Plaintiff Rachel Aldridge was arrested and jailed.
       (Doc. 1-1 at 2-3, ¶¶ 6-7).

3.     At the time of Plaintiff's arrest, her daughter Brooklyn was at the home of
       Ron Lott, Brooklynn's biological father.  (Doc. 1-1 at 9).

4.     Brooklynn was with Lott because Plaintiff had taken her there herself, not
       because DFCS or anyone affiliated with DFCS had placed here there.  (Doc.
       1-2[4]).

5.     Plaintiff agreed that Brooklynn would stay with Lott and signed a safety plan
       to that effect.  (Doc. 1-2 at 31).

6.     Lott lived in Coffee County.  (*See, e.g.*, Doc. 77-3 at 97).

7.     Brooklynn, thus, lived in Coffee County with him.  (*Id.*).

8.     Lott's girlfriend, Amanda Coleman, also lived in his home in Coffee County.
       (Doc. 1-1 at 5, ¶ 16).

9.     Golden was a supervisor in DFCS Pierce County office and did not supervise
       cases in Coffee County.  (Doc. 85-1. at 7, 33, 46).

10.    Golden expected that DFCS personnel in the Coffee County would perform
       any needed background checks on the persons living in the home with
       Brooklyn.  (Doc. 85-1 at 55).

11.    Golden received reports that Coleman was using drugs.  (Doc. 85-1. at 32).

---

[3] Plaintiff has argued that the cited order is void, and thus, that she retained legal
custody.  (Doc. 63; *see especially* at 3 ("only Rachel was entitled to custody of
Brooklyn").   Even if so, this fact is still correct.   Moreover, a person cannot
simply ignore a court order that she believes is erroneous.  *Edwards v. Edwards*,
254 Ga.App. 849, 854 (2002).
[4] This transcript is attached to Plaintiff's affidavit.  (*See* Doc. 1-2 at 1-4, ¶ 14).

12.     Golden notified the Coffee County DFCS office of these reports.  (Doc. 85-1 13, 32-33, 36, 47).

13.     DFCS personnel in Coffee County looked into the reports of drug use.  (Doc. 77-2 at 42).

14.     Golden received a report that Brooklynn had a bruise.  (Doc. 85-1 at 33).

15.     Golden notified the Coffee County DFCS office of this report.  (Doc. 77-3 at 96-100).

16.     DFCS personnel in Coffee County looked into the report of the bruise, including asking that Brooklynn be seen by a physician.  (Doc. 77 at 60, 62; Doc. 77-2 at 42-43).

17.     The physician reported that the bruise was a normal childhood bruise.  (Doc. 77-2 at 43).

18.     Brooklynn was later murdered by Coleman.  (Doc. 38-3; Doc. 38-4).

Respectfully submitted this 13th day of December, 2021.

<table>
<tr><td>CHRISTOPHER M. CARR</td><td>112505</td></tr>
<tr><td>Attorney General</td><td></td></tr>
</table>

CHRISTOPHER M. CARR                    112505
Attorney General

KATHLEEN M. PACIOUS                    558555
Deputy Attorney General

SUSAN E. TEASTER                       701415
Senior Assistant Attorney General

*/s/ Laura L. Lones*
LAURA L. LONES                         456778
Senior Assistant Attorney General

Attorneys for Defendant Golden

Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (470) 355-2765
Facsimile:  (404) 651-5304
E-mail:  llones@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2021, I electronically filed the foregoing

**DEFENDANT GOLDEN'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF HER DISPOSITIVE MOTION** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

*/s/ Laura L. Lones*
LAURA L. LONES
Georgia Bar No. 456778