# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| RACHEL ALDRIDGE, as Surviving Mother of BROOKLYNN ALDRIDGE, Deceased,   )<br>)<br>)<br>)<br>*Plaintiff,*   )<br>)<br>v.   )<br>)<br>BEVERLY BEAUMIER, CLINTON WAYNE HARPER, and RAVEN GOLDEN,   )<br>)<br>)<br>*Defendants.*   )<br>) | Civil Action No.<br>5:21-cv-00015-LGW-BWC |

## PLAINTIFF'S RESPONSE TO DEFENDANT BEAUMIER'S MOTION TO STAY PRETRIAL DEADLINES

COMES NOW, Plaintiff Rachel Aldridge, as Surviving Mother of Brooklynn Aldridge, and files this response to Defendant Beverly Beaumier's Motion to Stay Pretrial Deadlines and Procedures Pending the Court's Ruling on the Motions for Summary Judgment, showing this Honorable Court as follows:

### BACKGROUND

This suit involves the tragic and preventable death of 2-year-old Brooklynn Aldridge. Brooklynn was left in the custody of Ron Lott and Amanda Coleman, a known meth user. Amanda Coleman beat Brooklynn to death, and was later found guilty of malice murder and felony murder, the underlying felony being First Degree Cruelty to Children. (Doc. 16-3).

While Brooklynn was left in this dangerous and volatile environment, Defendant Beaumier and other DFCS employees turned a blind eye to ample warning signs apparent in Lott and Coleman's respective criminal backgrounds. (See Doc. 16-5; Doc.

19-6). Beyond their failure to examine Lott and Coleman's backgrounds, Defendants also ignored reports of abuse and pleas for help made by Brooklynn's mother and proper guardian, Plaintiff Rachel Aldridge. (Doc. 19-6).

Had Defendants heeded the many warning signs before them, Brooklynn Aldridge would not have died. Defendant Beaumier admitted this in private Facebook messages to Plaintiff Rachel Aldridge. (See Ex. A attached herein).

Despite ample evidence of fault, Defendants have made countless attempts to forestall accountability since the inception of this case. As Defendant Beaumier references in her Motion to Stay, no less than six dispositive motions have already been filed. (Doc. 007; Doc. 033; Doc. 039; Doc. 66; Doc. 67; Doc. 103). Furthermore, Defendant Beaumier plans to file a new Motion for Summary Judgment should the one pending not be granted. (Doc. 99, pg. 2). Beyond these dispositive motions, Defendant Beaumier previously filed a motion to stay discovery, which was denied by this court. (Doc. 10; Doc. 35). Defendant Golden also filed a motion to stay which was denied. (Doc. 040; Doc. 046). These filings all suggest an ongoing attempt by defendants to delay justice and to damage the integrity of these proceedings. Given the Court's repeated denial of similar previous motions, the lack of valid reasoning for a stay at this time, the prejudice towards Plaintiff, and the need to preserve judicial resources, Defendant Beamier's motion must be denied.

**ARGUMENT AND CITATION TO AUTHORITY**

As the Supreme Court has explained, a stay operates by "halting or postponing some portion of the proceeding, or . . . temporarily divesting an order of enforceability." *Nken v. Holder*, 556 U.S. 418, 428, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009). Here, Defendant Beaumier seeks to divest this Court's scheduling order (Doc. 72) of

enforceability by moving to stay pretrial deadlines and procedures for an indefinite amount of time. Such a stay would be unnecessary, burdensome to Plaintiff, and would waste judicial resources. Therefore, this Court must use its discretion to deny Defendant Beaumier's motion.

Generally, granting a stay of pretrial deadlines and procedures falls within the discretion of the Court. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997). While such motions are left to a court's discretion, they are not left "to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *Nken*, 556 U.S. at 434 (internal quotations omitted). In the context of motions to stay, these legal principles have been distilled by the Supreme Court into four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. All four of these factors weigh in favor of a denial of Defendant Beaumier's motion.

First, Defendant Beaumier has not made a strong showing that she is likely to succeed on the merits. As she herself acknowledges, all of her previous dispositive motions were denied, and she anticipates the need to file another motion for summary judgment. (Doc. 99, pg. 2). Furthermore, ample evidence already in the record suggests that Plaintiff will recover against Defendant Beaumier for her failure to prevent the death of Brooklynn Aldridge. (Exh. A; Doc. 19-6).

Second, Defendant Beaumier will not be irreparably injured absent a stay. In her motion to stay, Defendant Beaumier has not suggested any injury besides mere inconvenience which will come to her or her case should the stay be denied. (Doc. 99).

Furthermore, these pretrial deadlines were put in place per a consent motion filed by Defendant Beaumier herself. (Doc. 68; Doc. 72). Not only did Defendant Beaumier consent to these deadlines, they have been in place since September 2021, allowing Defendant Beaumier ample time to adapt to a schedule which was extended for her benefit. (Doc. 72).

Thirdly, issuance of the stay will injure Plaintiff significantly. Here, the Plaintiff has a strong interest in proceeding expeditiously with the litigation, and there is great potential prejudice to the Plaintiff from delay. As time passes, memories and evidence fade, potentially prejudicing Plaintiff's claims. "Justice is best served when delivered not only efficiently and fairly, but also speedily." *Ga. Power Co. v. Westinghouse Elec. Co. LLC*, 2015 U.S. Dist. LEXIS 62838, *12 (S.D. Ga. May 13, 2015) (referencing Fed. R. Civ. P. 1).

Fourth, the public interest lies in ensuring swift, efficient proceedings. If Defendants' motions are denied, any stay in proceedings would have been a waste of time and precious judicial resources. Contrary to Defendant Beaumier's assertions, it is the unnecessary stalling of a pending case, not its expeditious resolution, which encumbers the judiciary.

Because all four factors which the Supreme Court instructs courts to consider when evaluating motions to stay proceedings weigh in Plaintiff's favor, Defendant Beamier's motion to stay should be denied.

## CONCLUSION

For these reasons, to avoid prejudicing Plaintiff's claims, and to ensure a swift and efficient trial, Plaintiff respectfully requests that Defendant Beaumier's Motion to Stay Pretrial Deadlines and Procedures be **DENIED.** Alternatively, in the event the

Court is inclined to stay the case, any such stay should be limited to a brief and definite duration.

    Respectfully submitted this 14th day of December 2021.

/s/Brent J. Savage

Brent J. Savage
Georgia Bar No. 627450

SAVAGE TURNER PINCKNEY & SAVAGE
102 E. Liberty St., 8th Floor
Savannah, GA 31404
P.O. Box

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RACHEL ALDRIDGE, as Surviving Mother of BROOKLYNN ALDRIDGE, Deceased,<br><br>      *Plaintiff,*<br><br>v.<br><br>BEVERLY BEAUMIER, CLINTON WAYNE HARPER, and RAVEN GOLDEN,<br><br>      *Defendants.* | Civil Action No.<br>5:21-cv-00015-LGW-BWC |

**Certificate of Service**

This is to certify that I have this day served a true and correct copy of the above and foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT BEAUMIER'S MOTION TO STAY PRETRIAL DEADLINES** by using the CM/ECF system which will send an electronic copy to the following counsel of record:

Paul Henefeld
Noah Green
Appelbaum Henefeld & Green, P.C.
9 Lenox Pointe, N.E., Suite B
Atlanta, GA 30324
pah@aps-law.com
ng@aps-law.com

Laura Lones
Georgia Department of Law
40 Capitol Square, SW
Atlanta, GA 30334-1300
llones@law.ga.gov

Leslie Kennerly
J. Holder Smith
Young, Thagard, Hoffman, LLP
P.O. Box 3007
Valdosta, GA 31604
lesliekennerly@youngthagard.com
jaysmith@youngthagard.com

Respectfully submitted this 14th day of December 2021.

/s/Brent J. Savage
Brent J. Savage
Georgia Bar No. 627450

SAVAGE TURNER PINCKNEY & SAVAGE
102 E. Liberty St., 8th Floor
Savannah, GA 31404
P.O. Box